VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-224



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

In re Appeal of C.J.\*

}   APPEALED FROM:
}   Human Services Board
}   CASE NO. B-05/24-416

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from the denial of her application for 3SquaresVT benefits for the period between November 1, 2023, and January 9, 2024.  We affirm.

The Human Services Board adopted the following findings, which were made by a hearing officer after a hearing.  As of September 2023, petitioner was eligible for and receiving 3SquaresVT benefits.  Her eligibility was subject to a review that month.  Petitioner did not respond to a "Review Reminder Notice" sent to her by the Department for Children and Families (DCF) and she did not otherwise participate in the review process.  DCF later informed petitioner that her 3SquaresVT benefits would be closed as of October 31, 2023.

Petitioner reapplied for benefits on November 1, 2023, via the "3SquaresVT in a SNAP" program, which has more relaxed application and reporting requirements.  Consistent with DCF rules, a 3SquaresVT employee tried to call petitioner several times to complete a required interview.  The employee could not reach petitioner.  DCF also sent petitioner written notice that she must complete an interview within thirty days of the date of her application or face denial of her application.  On November 15, DCF again sent petitioner written notice that she had until December 1 to complete her interview, or her application would be denied.  Petitioner did not respond and had no contact with DCF's Economic Services Division in November or December, aside from filing her application.  In a letter dated December 18, 2023, DCF denied petitioner's application for failure to complete her required interview.  Petitioner regained her 3SquaresVT eligibility as of January 9, 2024.

The Board found that DCF presented credible evidence regarding the required procedures for approving a 3SquaresVT application, including an interview with a 3SquaresVT worker.  See 3SquaresVT Program Manual, § 1900.3.2, https://www.ahsnet.ahs.state.vt.us/Public/3sVT/assets/BRM/1800_3SquaresVTSNAP.htm [https://perma.cc/Z5X7-2YUB]; see also 7 C.F.R. § 273.2(e) (requiring, with exceptions not relevant here, that recipient of benefits have "interview with an eligibility worker at initial certification and at least once every 12 months thereafter").  Petitioner did not testify at the hearing.  She argued, however, that she was unaware that she needed to complete an interview within thirty days of her application, and she stated that she was having problems with her mail at the time her application was denied.  The Board noted that, in connection with a challenge to an earlier denial of benefits, petitioner's doctor had sent a letter to the Board indicating that petitioner had a disability that made it challenging for her to complete tasks.  Putting aside that it related to a different case, the Board found that the letter did not

clearly or adequately explain why petitioner failed to complete the interview for her application, particularly given that DCF attempted to reach her by telephone several times at the number she provided on her application.

The Board concluded that petitioner's application was properly denied. DCF followed the appropriate procedures by making several "cold calls" to petitioner to complete her interview and it also sent her written notice that she needed to complete the interview. Petitioner was required to complete an interview, and she failed to do so. To the extent that there was any exception that might allow for petitioner's application to be reopened retroactively, the Board found that petitioner failed to establish any facts warranting such a remedy. While petitioner argued that she was having problems with her mail at the time, she did not establish the specific nature of these issues, nor did she contact DCF despite being aware of these issues. Her explanation also failed to address DCF's unsuccessful attempts to reach her by phone to complete the interview. Thus, because DCF's decision was consistent with the applicable rules, the Board affirmed its decision. This appeal followed.

Petitioner asserts that when she dropped off her application in November 2023, she was told that she had completed the application properly and there was nothing more she needed to do. Petitioner asserts that she was not receiving mail and her phone was not working. She references the letter from her doctor noted above. Petitioner also indicates that she did not intentionally fail to comply with the rules. She states that she forgot about the need for a follow-up telephone call, she had never missed a review before, and the relevant period was right after COVID.

Petitioner did not testify at the hearing and most of these allegations were not presented below. We do not address these arguments for the first time on appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record."). The Board here applied the proper legal standard, its findings are supported by the record, and the findings support the Board's conclusion. See In re E.C., 2010 VT 50, ¶ 6, 188 Vt. 546 (mem.) (describing this Court's standard of review). As set forth above, petitioner failed to complete a required interview, leading to the denial of her request for benefits. The Board was unpersuaded by petitioner's argument that she was having trouble with her mail, and it was equally unpersuaded by her doctor's letter. This Court does not reweigh the evidence on appeal. See, e.g., Cabot v. Cabot, 166 Vt. 485, 497 (1997) (recognizing that it is for the trier of fact "to determine the credibility of the witnesses and weigh the persuasiveness of the evidence"). There is no basis to disturb the Board's decision.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


Nancy J. Waples, Associate Justice

2